UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES,<br><br>           Plaintiff,<br><br>     v.<br><br>KAMALA D. HARRIS,<br><br>           Defendant. | No. 2:13-cv-0677 DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed herein, the court will dismiss this action.[1]

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

---

[1] Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636. (Doc. No. 4)

1

1     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
9 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
12 However, in order to survive dismissal for failure to state a claim a complaint must contain more
13 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
14 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
15 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
16 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
17 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
18 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19     The Civil Rights Act under which this action was filed provides as follows:

20
> Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the
21
> deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
22
> law, suit in equity, or other proper proceeding for redress.

23 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
24 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
25 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
26 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
27 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
28 /////

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified California Attorney General Kamala D. Harris as the sole defendant. In his complaint, plaintiff alleges the state denied him equal protection of the law and due process when it denied him the right to appeal from his judgment of conviction entered in the Riverside County Superior Court. In this regard, plaintiff alleges that he was convicted of first-degree murder and immediately filed a notice of appeal, but maintains that he has yet to have state court appellate review of his conviction as is constitutionally guaranteed. In terms of relief, plaintiff requests an order from this court requiring the California Court of Appeal for the Fourth Appellate District to review his judgment of conviction. (Compl. at 7-11.)

**DISCUSSION**

The court will dismiss plaintiff's complaint because plaintiff's success in this action would necessarily call into question the constitutionality of his imprisonment and implicate the duration of his confinement. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's §

3

1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (dismissing § 1983 action for declaratory relief and money damages because successful challenge to procedures used in disciplinary hearing would necessarily imply the invalidity of the punishment imposed). If plaintiff wishes to challenge in federal court the judgment of conviction entered against him in state court, he is advised that he can do so only by way of a petition for writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Based on the circumstances of this case, the undersigned concludes that it is clear plaintiff cannot cure the deficiencies of his civil rights complaint, and therefore, dismissal without leave to amend is appropriate. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 5) is denied; and

2. This civil rights action is dismissed without prejudice to plaintiff's proper pursuit of habeas corpus relief.

Dated: February 11, 2014

DAD:9
jone0677.56

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE